UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAVE L. CARTER-GRIFFIN,<br>Plaintiff,<br>v.<br>CITY OF OAKLAND, et al.,<br>Defendants. | Case No. 26-cv-11329-RFL<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 3 |

Mave L. Carter-Griffin, an unhoused woman living in Oakland and proceeding pro se, has moved for a temporary restraining order to prevent the City of Oakland and its officers from seizing her property. The motion is denied, but entry of the denial is stayed until 5:00 p.m. on Friday, October 9, 2026.

Griffin alleged in her complaint and a supplemental letter, and testified at a hearing on the TRO, that she is an artist and leader in her unhoused community. (Dkt. No. 1 at 4; Dkt. No. 9 at 2.[1]) On previous occasions, Oakland allegedly destroyed property that belonged to her, including a trailer and a cargo container. (Dkt. No. 1 at 5, 6; Dkt. No. 9 at 4.) Griffin alleged this resulted in the death of several of her cats. (Dkt. No. 1 at 6; Dkt. No. 9 at 4.) Recently, Oakland has told her to move from her current location, or it will seize and destroy her property. (Dkt. No. 1 at 9.) She was able to secure an agreement with Oakland to extend her deadline to move by a week, until October 5, 2026, but Oakland continues to insist that she relocate. (Dkt. No. 1 at 9.) She alleges this violates her Fourth and Fourteenth Amendment rights, and seeks a TRO to stop Oakland from seizing or destroying her property. (Dkt. No. 1 at 3; Dkt. No. 3.) The

[1] All citations to page numbers refer to ECF pagination.

Court ordered Oakland to maintain the status quo until a hearing on the TRO on October 6, 2026. (Dkt. No. 10.) At the hearing, the Court extended the order to maintain the status quo until 5:00 p.m. on October 7, 2026.

The motion for a TRO is denied because Griffin has not established a likelihood of success on the merits. There is no dispute that Griffin has notice that Oakland will seize her property if she does not move. There is also no dispute that Oakland has offered shelter to Griffin, which she has declined because she does not find it suitable. At the hearing on the TRO, a witness for Oakland testified that Oakland had offered to "bag and tag" Griffin's property, meaning that it would store some of her property for up to 90 days, rather than immediately destroying it. Griffin generally disputed the availability of the bag and tag program, but did not specifically deny that it was offered to her. Having considered this testimony, the Court finds Oakland's witness credible. Griffin alluded to various agreements to not destroy her property, but there is no evidence of such an agreement concerning her current location, and Oakland's witness credibly testified that Oakland would not have entered into such an agreement as to the property she described. In sum, because Oakland provided notice and offered both shelter and storage, Griffin has not shown any constitutional violation. *See, e.g.*, *Cobine v. City of Eureka*, 250 F. Supp. 3d 423, 432–36 (N.D. Cal. 2017) (dismissing Fourth and Fourteenth Amendment claims where city provided unhoused individuals with notice and stored property before destruction). Because Griffin has not shown a likelihood of success on the merits or a serious question going to the merits, there is no need to consider the remaining injunctive relief factors.

Ultimately, the heart of this dispute seems to be that Griffin disagrees with Oakland's decision to repave a road rather than recognize the important role that her structure provides for herself and other members of her unhoused community. Though Griffin raises sincere and important questions about whether or not this course of action is in the best interest of the people of the City of Oakland, it is not the courts' role to decide those public policy questions.

For the reasons above, the motion for a TRO is **DENIED**. However, entry of the denial is stayed until 5:00 p.m. on Friday, October 9, 2026, so that Griffin has time to get her affairs in

order. The order to maintain the status quo remains in place until then. (Dkt. No. 10.)

**IT IS SO ORDERED.**

Dated: October 6, 2026

RITA F. LIN
United States District Judge